UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RICHARD L. STETHEM**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 00-159 (TPJ/RCL) |
| **ISLAMIC REPUBLIC OF IRAN**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Presently before the Court is plaintiffs' Motion [45] for Leave to File an Amended Complaint. Specifically, plaintiffs seek leave to amend their complaint to (a) add a claim under new section 1605A of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*; (b) add the Iranian Islamic Revolutionary Guard Corps ("IRGC") as a defendant; and (c) have the Amended Complaint treated as if it had originally been filed under 28 U.S.C. § 1605A so that plaintiffs may seek $300 million in punitive damages against Iran and IRGC. In that regard, the motion seeks to amend Judge Jackson's April 19, 2002 Judgments entered in favor of plaintiffs. (*See* Docket Entry Nos. 33–40.) At the time Judge Jackson issued Final Judgments in this action, punitive damages were assessed against the Iranian Ministry of Intelligence and Security ("MOIS"), but the court recognized that punitive damages were not available against Iran. Plaintiffs' current motion relies upon Section 1083 of the recently enacted National Defense Authorization Act for Fiscal Year 2008 (the "NDAA"), Pub. L. No. 110-181, 122 Stat. 3, as signed by the President and enacted into law on January 28, 2008. Section 1083(a) revised

the Foreign Sovereign Immunity Act's ("FSIA"), terrorism exception by repealing § 1605(a)(7) of Title 28 of the United States Code and enacting a new section to be codified at § 1605A of the same title.  Section 1605A creates a private, federal cause of action against a foreign state that is or was a state sponsor of terrorism, and provides, *inter alia*, that punitive damages may be awarded.  *See* 28 U.S.C § 1605A(c).

Section 1083(c) of the NDAA, which is titled "Application to Pending Cases," provides that upon motion made by plaintiffs, the amendments to the FSIA made by section 1083 shall apply to any action that (1) was brought under § 1605(a)(7) before January 28, 2008; (2) relied upon that provision as creating a cause of action; (3) has been adversely affected on grounds that § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) as of the date of enactment (January 28, 2008), is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure.  *See* Pub. L. No. 110-181, 122 Stat. 3, § 1083(c)(2)(A); *see also Simon v. Republic of Iraq*, Nos. 06-7175, 06-7178, slip op. at 9 (D.C. Cir. June 24, 2008) (recognizing that section 1083(c) sets forth the circumstances upon which plaintiffs with pending cases may invoke § 1605A).  Thus, plaintiffs' motion for leave to file an amended complaint is essentially a motion for relief under section 1083(c).  As such, the motion should be granted only if the action meets each of the four requirements set forth in that provision.

Plaintiffs' motion does not satisfy the fourth requirement of section 1083(c)(2)(A)—that the action was "before the courts in any form" as of January 28, 2008.  Judge Jackson entered Final Judgments in favor of plaintiffs on April 19, 2002.  The Judgments were not appealed and there were no pending motions before the Court as of January 28, 2008.  Nonetheless, plaintiffs

assert that this action is currently pending before the Court as plaintiffs pursue attachment in aid of execution and execution of an April 19, 2002 Judgment.  As Judge Kollar-Kotelly of this Court stated in circumstances nearly identical to those presented here, the suggestion that a case is "before the court" due to the mere possibility of filing an attachment or executing the judgment, "is inconsistent with the statutory language that requires the case to be before the Court as of January 28, 2008."  *Holland v. Islamic Republic of Iran*, 545 F. Supp. 2d 120, 121–22 (D.D.C. 2008) (Kollar-Kotelly, J.).  Accordingly, the instant action was not "before the courts in any form" as of the NDAA's date of enactment, and therefore plaintiffs' motion for leave to file an amended complaint shall be denied.

    A separate order shall issue this date.

    SO ORDERED.


    Signed by Royce C. Lamberth, Chief Judge, July 22, 2008.