**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICHARD L. STETHEM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:00-cv-00159 |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

*******************************************************************

**JUDGMENT CREDITORS' STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO REVIVE PUNITIVE DAMAGES JUDGMENT OF APRIL 19, 2002.**

Judgment Creditors, The Estate of Robert Stethem, Richard L. Stethem, The Estate of Patricia Stethem, The Estate of Sheryl Sierralta, Kenneth Stethem, and Patrick Stethem, by and through their undersigned counsel, acting pursuant to 28 U.S.C. § 1610 and Federal Rule of Civil Procedure 69, hereby submit this statement of points and authorities in support of their motion to revive and state as follows:

## I. PRELIMINARY STATEMENT

Judgment creditors, The Estate of Robert Stethem, The Estate of Patricia Stethem, The Estate of Sheryl Sierralta, and their surviving family members, Richard L. Stethem, Kenneth Stethem, and Patrick Stethem (collectively, "judgment creditors"), successfully obtained a punitive damages judgment against the Islamic Republic of Iran ("Iran") and its Ministry of Information and Security ("MOIS") on April 19, 2002. That judgment was set to expire on April 19, 2014, pursuant to D.C. Code § 15-101, which provides for a twelve-year lifespan on a judgment. Prior to its expiration, the judgment creditors timely moved to revive the judgment and obtained a twelve-year renewal on May 19, 2014. (*See* ECF Nos 50 & 51). The renewed judgment is now set to expire on April 19, 2026.

Because the punitive damages judgment has not been satisfied, judgment creditors now seek a

second twelve-year renewal of the judgment. As explained below, under well-established law in this Circuit, this Court can—and should—revive the judgment so that it is renewed for another twelve years. The D.C. Code places no limit on the number of times a judgment may be renewed, and courts routinely grant successive renewals of unsatisfied judgments where, as here, the motion is timely and the judgment remains unpaid.

## II. PROCEDURAL HISTORY

The judgment creditors originally brought various personal injury and wrongful death claims against defendants/now Judgment Debtors Iran and MOIS under Section 1605(a)(7) of the Foreign Sovereign Immunities Act ("FSIA") for the brutal murder of the late Robert Stethem by members of the terrorist group Hizbollah during the hijacking of TWA Flight No. 847. (*See generally* ECF No. 1). On April 19, 2002, judgments for compensatory damages against Iran and MOIS were entered by the Clerk of Court pursuant to Federal Rule of Civil Procedure 58. (*See* ECF Nos. 34–39). On that same day, a punitive damages judgment against Iran and MOIS in the amount of three hundred million dollars ($300,000,000.00) was entered by the Clerk of Court for the judgment creditors. (*See* ECF No. 40; Ex. 1, Punitive Damages Judgment). In line with 28 U.S.C. § 1608(e), on June 6, 2002, copies of the decision, order, and each judgment were sent, via certified mailing by the Clerk of Court, to the judgment debtors. (*See* ECF No. 42). To date, neither Iran nor MOIS has entered an appearance in this proceeding to challenge any of the judgments entered against them, nor have they paid the judgment.

Each judgment creditor's compensatory damages judgment was paid by the United States government pursuant to Section (a)(1)(B) of the Justice for Victims of Terrorism Act of 2000. Although the judgment creditors accepted payment on their compensatory damages judgment, they retained all rights to otherwise collect on their punitive damages judgment. *See Victims of Trafficking and Violence Protection Act of 2000*, § (a)(2)(D), PL 106–386, October 28, 2000, 114 Stat 1464.

Under District of Columbia law, the original judgment was set to expire on April 19, 2014, twelve

years after the date it was issued. D.C. Code § 15-101 (2014). Prior to that date, the judgment creditors timely moved to revive the judgment, and this Court granted the motion and renewed the judgment on May 19, 2014. (*See* ECF Nos. 50 & 51). The renewed punitive damages judgment is now set to expire on April 19, 2026. The judgment remains unsatisfied.

## III. THE LEGAL FRAMEWORK FOR REVIVAL OF JUDGMENTS UNDER D.C. CODE § 15-101 AND FEDERAL RULE OF CIVIL PROCEDURE 69

Other than authorizing attachment and execution and other enforcement procedures after a "reasonable period" following entry of judgment and notice to the sovereign defendants, the FSIA is silent as to the lifespan of a judgment entered under its statutory auspices. *See* 28 U.S.C. § 1610(g). However, Federal Rule of Civil Procedure 69, governing enforcement of money judgments, stipulates, "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Similarly, this Court has explained that, "Under the FSIA, local law on attachment and execution control any dispute." *Estate of Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 20 (D.D.C. 2011).

Thus, where there is no controlling federal statute, a United States District Court has the same authority to aid judgment creditors in supplementary proceedings as do the state courts of the state in which the district court sits. *H.H. Robertson Co., Cupples Products Div. v. V.S. DiCarlo General Contractors, Inc.*, 789 F. Supp. 998 (E.D. Mo. 1992). In this case, because the punitive damages judgment was entered by a district court sitting in the District of Columbia, the relevant local law is that of the District of Columbia. *U.S. v. Thornton*, 672 F.2d 101, 103 (D.C. Cir. 1982).

Section 15-101(a)(1) of the District of Columbia Code provides for a twelve-year lifespan for a judgment, which functions as a statute of limitations on the amount of time a judgment creditor has to initiate enforcement proceedings on a judgment. *See* D.C. Code § 15-101(a)(1) (stipulating, in part, that money judgments are "enforceable by execution thereon, for the period of twelve years only

from the date from an execution might first be issued thereon"); *see also Nat'l Bank of Wash. v. Carr*, 829 A.2d 942, 943 (D.C. 2003) (holding that D.C. Code § 15-101 functions as a statute of limitations).

However, the twelve-year lifespan of a judgment can be renewed when the judgment creditors move to revive the judgment before the twelve-year period ends. The D.C. Circuit has repeatedly affirmed that "[w]hen a motion for renewal of a money judgment is made within the twelve-year period prescribed in D.C. Code § 15–101(a), an order extending judgment that is entered after expiration of the statutory period is valid and enforceable." *United States v. Cortez W. Peters Bus. Coll.,* No. 87-5730, 1988 WL 145116, at *1 (D.C. Cir. Dec. 30, 1988); *accord Michael v. Smith*, 221 F.2d 59 (D.C. Cir. 1955) (holding that judgment creditor only needed to make motion to revive judgment within twelve-year enforcement period under D.C. Code § 15-101 in order to renew twelve-year lifespan of the judgment); *see also Carr*, 829 A.2d at 943 (agreeing with D.C. Circuit's reasoning in *Michael v. Smith* and holding that motion to renew judgment made within twelve-year enforcement period was sufficient to permit court to extend life of judgment for another twelve years). Courts generally grant timely motions to revive unless the judgment debtor establishes "that the judgment has been released, paid, otherwise discharged, or is barred from revival by time." *Hotel & Rest. Emps. v. Dutch Inns of Am., Inc.*, No. 78-0471, 1989 U.S. Dist. LEXIS 9956, at *7 (D.D.C. Aug. 18, 1989).

**IV. D.C. LAW PERMITS SUCCESSIVE RENEWALS OF UNSATISFIED JUDGMENTS**

The judgment creditors recognize that this is a second request to revive the punitive damages judgment. Nothing in D.C. Code § 15-101 limits the number of times a judgment may be renewed. The statute provides only that a judgment is enforceable for twelve years, and the case law interpreting it establishes that timely motions to revive extend the judgment for additional twelve-year periods. Neither the statute nor any decision of the D.C. Circuit or this Court suggests that the right to seek renewal is limited to a single occasion.

This is consistent with the purpose of the revival procedure. As the D.C. Court of Appeals

explained in *Carr*, the twelve-year period under § 15-101 functions as a statute of limitations on enforcement, not as a substantive extinguishment of the underlying judgment. 829 A.2d at 943. A judgment creditor who diligently pursues enforcement—as the judgment creditors have done here—may renew the judgment as many times as necessary to achieve satisfaction. The alternative interpretation—that a single renewal exhausts the right to further revival—would effectively impose a twenty-four-year absolute deadline on judgment enforcement with no basis in the statutory text.

## V. THIS COURT SHOULD GRANT THE JUDGMENT CREDITORS' TIMELY MOTION TO REVIVE

Here, judgment creditors' second motion to revive, filed within the current twelve-year enforcement period, is timely. The renewed punitive damages judgment does not expire until April 19, 2026, and this motion is filed well in advance of that date.

The punitive damages judgment has not been paid or otherwise discharged. Neither Iran nor MOIS has entered an appearance in this proceeding, and neither defendant has raised any ground that would bar revival. Accordingly, the standard for renewal is met. *See Hotel & Rest. Emps.*, 1989 U.S. Dist. LEXIS 9956, at *7.

Judgment creditors respectfully request that the Court grant their motion to revive and extend their punitive damages judgment of April 19, 2002, as previously renewed on May 19, 2014, for another twelve years.

## VI. CONCLUSION

For the reasons stated herein, judgment creditors respectfully request that the Court grant this motion and extend the punitive damages judgment for an additional twelve-year period through April 19, 2038.

Dated: February 24, 2026

Respectfully Submitted,

/s/Joshua M. Ambush
Joshua M. Ambush
Bar No. MD 27025

Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Ste. 303
Baltimore, Maryland 21208
(410) 484-2070 (telephone)
(410) 484-9330 (facsimile)
jambush@ambushlaw.com